**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROGER B. PARKER and SALLEY S. PARKER, )<br>            Plaintiffs, )<br>            v. )<br>LONG BEACH MORTGAGE COMPANY et. al. )<br>            Defendants. ) | Civil Action No. 06-cv-2002 JS |

## DEFENDANT HSBC'S PRE-TRIAL MEMORANDUM

Defendant HSBC Bank USA, N.A., as Trustee on Behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-SL2, Asset Backed Pass-through Certificates ("HSBC"), by its undersigned counsel, hereby files this Pre-Trial Memorandum in accordance with United States District Court for the Eastern District of Pennsylvania Local Rule 16.1(c) as follows:

Plaintiffs have not filed their Pre-Trial Memorandum in advance of the filing of Defendant's Pre-Trial Memorandum, and therefore Defendant HSBC reserves the right to amend its Pre-Trial Memorandum if necessary to provide a counter-statement of items to those listed by Plaintiffs as Defendants are ordinarily entitled to respond to such in accordance with the Rules.

### Local Rule 16.1(c)(1) Brief Statement of Nature of the Action

1. Plaintiffs brought this action against its mortgage broker, originating lenders, and subsequent holders of the loans at issue, as well as servicers of the loans, seeking damages and rescission of various loans on two different Properties, under the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601 et seq.

2. As against Defendant HSBC, in accordance with previous Court Orders, Plaintiffs' only remaining claim for trial is a claim for rescission of the smaller of two purchase money loans and mortgages on the property at 10 Nathan's Place, West Conshohocken, Pennsylvania ("the 10 Nathan's Place Property"), which loan and mortgage is now held by HSBC.

3. Plaintiffs' Second Amended Complaint contains only a claim against Defendant HSBC under TILA for an alleged disclosure violation.

4. This Honorable Court granted summary judgment in favor of Defendant HSBC and against Plaintiffs regarding the alleged disclosure violation under TILA as a matter of law.

5. Plaintiffs now claim that the loan should be rescinded because a third party broker promised them better terms on the loan they received and they wanted only one loan on 10 Nathan's Place Property instead of two, even though they had notice of the terms of the loans which they executed and notice that there were two loans prior to and at closing and even though there was no involvement or wrongdoing by Defendant HSBC regarding the loan and mortgage now held by HSBC.

**Local Rule 16.1(c)(2) Brief Counter-Statement of Facts of the Case**

1. Plaintiff has not previously provided its statement of facts to which Defendant HSBC can respond with a counter-statement.  Accordingly, Defendant HSBC

reserves the right to amend its Pre-Trial Memorandum to provide the Counter-Statement in accordance with Local Rule 16.1(c)(2).

2. Plaintiffs took out two loans and gave two mortgages on the Property at 10 Nathan's Place in order to purchase the 10 Nathan's Place Property.

3. The loans on the 10 Nathan's Place Property were originated by Long Beach Mortgage Company and not Defendant HSBC.

4. As stated to Plaintiffs in the disclosures for the loans, there were two loans made in order for Plaintiffs to complete the purchase.

5. The terms for the loans were stated in the disclosures and in the executed closing documents.

6. The smaller of the two loans for the purchase of the 10 Nathan's Place Property was a second mortgage on 10 Nathan's Place, which loan and mortgage is now held by Defendant HSBC.

7. Defendant HSBC had no involvement in the origination of or closing of the loans and mortgages on the 10 Nathan's Place Property.

8. Plaintiffs are not entitled to rescission as against Defendant HSBC under any theory, for multiple reasons, including that: (a) the loan was a purchase money mortgage loan; (b) Plaintiffs knew and had reason to know of the terms of the loans regarding which they now complain; (c) Plaintiffs made misstatements in the closing documents on the various loans involved in this action, including that the Property was to be owner occupied for a period of twelve (12) months immediately following the closing, when they did not

intend to move into the 10 Nathan's Place Property and instead intended it to be rental investment property; (d) Defendant HSBC did not engage in any wrongdoing regarding the origination and closing of the loans and mortgages on the 10 Nathan's Place Property as Defendant HSBC was not involved in any way with the origination and closing of the loan; (e) Defendant HSBC did not have any notice by way of the face of the loan documents regarding Plaintiffs' claimed problems regarding the loan and mortgage on the 10 Nathan's Place Property, which HSBC now owns; (f) there were no disclosure violations regarding the loan, on the face of the documents or otherwise; (g) Plaintiffs have profited from their investment transaction, receiving two years of rental payments soon after the closing on the purchase of the Property totaling over $45,000.00; and (h) Plaintiffs could have taken action to protect themselves by not closing on the loan they contend they dislike but instead made the deliberate and conscious decision to close on the loans despite disagreeing with and/or disliking the terms of the loans on which they closed.

9. Plaintiffs cannot benefit as against Defendant HSBC for any alleged misconduct of their mortgage broker, of any other third party or for their own failure to take reasonable action to protect themselves by not closing on the loans.

**Local Rule 16.1(c)(3) List of Item of Damages or Relief Sought**

1. As against Defendant HSBC, Plaintiffs' only remaining claim is a claim for rescission of the purchase money loan on 10 Nathan's Place Property now

held by HSBC.  In accordance with this Honorable Court's July 23, 2007 Order, Plaintiffs cannot seek damages or attorneys fees against Defendant HSBC.

### Local Rule 16.1(c)(4) List of Witnesses for Trial

1. Ms. Gina Johnson or other Loan Analyst/Loan Resolution Consultant and/or Custodian of Records regarding the HSBC Loan:

   c/o Ocwen Loan Servicing, LLC
   1661 Worthington Rd.
   West Palm Beach, FL  33409

2. Any and all witnesses listed by Plaintiffs and other Defendants.

3. Defendant HSBC reserves the right to call any witnesses listed on Plaintiffs' and other Defendants' Pre-Trial Memoranda.

### Local Rule 16.1(c)(5) Schedule of Exhibits for Trial

1. Loan closing documents for loans on 10 Nathan's Place closed on or about October 14, 2005, including the Loan identified by Plaintiffs in complaint as October 14, 2005 loan No. 696581776, HUD-1, Disclosures, Note and Mortgage.

2. Notes of Plaintiff Sally Parker.

3. First Set of Discovery Propounded by Defendant HSBC and Plaintiffs' Responses Thereto.

4. Second Set of Discovery Propounded by Defendant HSBC and Plaintiffs' Responses Thereto.

5. Deposition Transcript of Plaintiff Sally Parker.

6. Deposition Transcript of Defendant Roger Parker.

7. Plaintiffs' Brief in Response to Motion to Dismiss (Court Doc. No. 25).

8. October 4, 2006, Orders of Court and Memorandum of Law on HSBC's Motion to Dismiss and Plaintiffs' Motion to Amend Complaint (Court Doc. Nos. 30, 31).

9. Defendant HSBC's Motion for Summary Judgment and Brief in Support. (Court Doc. No. 66).

10. Plaintiffs' Response to Defendant HSBC's Motion for Summary Judgment. (Doc. No. 69).

11. July 23, 2007 Order of Court on HSBC's Motion for Summary Judgment. (Court Doc. No. 72).

12. Any and all Exhibits listed by Plaintiffs and other Defendants.

13. Defendant HSBC reserves the right to utilize any Exhibits listed on Plaintiffs' and other Defendants' Pre-Trial Memoranda.

**Local Rule 16.1(c)(6) Estimate of number of Days for Trial**

1. Two (2) to three (3) days.

**Local Rule 16.1(c)(7) Special Comments on Legal Issues, Stipulations or other Matters**

1. In accordance with this Honorable Court's July 23, 2007 Order on HSBC's Motion for Summary Judgment, the only remaining claim against Defendant HSBC is a claim for rescission of the purchase money loan on 10 Nathan's Place Property now held by HSBC and Plaintiffs cannot seek damages or attorneys fees as against Defendant HSBC.

2. Plaintiffs cannot seek rescission of a purchase money mortgage loan, such as the mortgage loan held by Defendant HSBC, under TILA § 1635(e)(1), or otherwise, as such would be inappropriate, particularly where the party from whom Plaintiff purchased the Property for which the loan was made and mortgage given is not even a party to the suit.

3. Plaintiffs have refused to articulate any common law basis for rescission of the purchase money loan on the 10 Nathan's Place Property as against Defendant HSBC, and any such remedy would be inappropriate given the prior Order of Court specifically denying Plaintiffs leave to state such a claim and given the nature of Plaintiffs' conduct, the lack of any wrongful conduct by Defendant HSBC regarding the origination or closing of the loans and mortgages on the 10 Nathan's Place Property, Plaintiffs' decision to go through with the loan despite having notice of the terms of the loan, the nature of the loan being a purchase money loan, and the fact that the current holder of the smaller loan on 10 Nathan's Place Property not having notice by virtue of the loan documents of any of the problems with the loan urged by Plaintiffs.

14. Based on the Orders of Judge Green on HSBC's Motion to Dismiss and on Plaintiffs' Motion to Amend, as well as this Honorable Court's Order on HSBC's Motion for Summary Judgment dismissing the only claim which was permitted to be stated against HSBC based on prior Order of Court, all claims against Defendant HSBC were dismissed and HSBC should no longer be a Defendant in this matter.

15. As this Honorable Court granted summary judgment in favor of Defendant HSBC and against Plaintiffs regarding the alleged disclosure violation under TILA, which was the only claim Plaintiffs were permitted to state against Defendant HSBC and which is the only claim Plaintiffs did include against Defendant HSBC in their second Amended Complaint, there is no basis for rescission of the loan and mortgage held by HSBC.

December 9, 2007

                               Respectfully submitted,

                               /s/Linda A. Michler
                               Linda A. Michler, Esquire
                               7228 Baptist Road, #175
                               Bethel Park, PA  15102
                               (412) 854-4315

                               Attorneys for Defendant HSBC