IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER B. PARKER and SALLY S. PARKER : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action No. 2:06-cv-2002 JS |
| v. : | |
| : | |
| LONG BEACH MORTGAGE COMPANY, et al. : | |
| : | |
| Defendants. : | |

**DEFENDANTS WASHINGTON MUTUAL HOME LOANS
AND LONG BEACH MORTGAGE COMPANY'S PRETRIAL MEMORANDUM**

Pursuant to Rule 16.1(c) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, Defendant Washington Mutual Bank ("WaMu"), as successor-in-interest to Defendants Washington Mutual Home Loans, Inc. ("WMHLI"), and Long Beach Mortgage Company ("LBMC"), files this pretrial memorandum.

**I.    Statement of the Nature of the Action and Basis of Jurisdiction**

**A.    The Nature of the Action**

Plaintiffs' Second Amended Complaint purports to state claims under the federal Truth-in-Lending Act ("TILA") (Counts I and II) and the Real Estate Settlement Procedures Act ("RESPA") (Count III) against several defendants, including WMHLI and LBMC. Plaintiffs' claims are based on two separate loan transactions: (1) an October 2005 transaction with LBMC in which Plaintiffs obtained two loans to purchase real property, and (2) a November 2005 transaction with Mortgageit, Inc.—in which LBMC and WMHLI were *not* involved—through which Plaintiffs refinanced the loans on their primary residence.

Count I of the Second Amended Complaint alleges that misrepresentations regarding the number of loans, monthly payment amount, and finance charges, and the failure of

LBMC to provide Plaintiffs with disclosure statements, variable rate disclosures, and notices of cancellation were all material violations of TILA that entitle Plaintiffs to statutory damages and rescission of the loans. Count II alleges that LBMC fraudulently misrepresented the loan terms and failed to disclose certain terms, including the finance charges and annual percentage rate, material violations of TILA entitling Plaintiffs to rescission and statutory damages. Count III alleges that LBMC failed to respond to Plaintiffs' RESPA request, entitling Plaintiffs to actual and statutory damages.

### B. Jurisdiction

This Court has subject matter jurisdiction over this action under TILA, 15 U.S.C. 1601, *et seq.*, and RESPA, 12 U.S.C. 2601, *et seq.* Under 28 U.S.C. § 1391, venue is proper in this district because it is where a substantial part of the events giving rise to the claim occurred.

## II. Defendants' Counter-Statement Of The Facts

1. Plaintiffs Roger B. Parker and Sally S. Parker (the "Parkers") reside at 706 Willowbend Drive, Blue Bell, Pennsylvania (the "Home").

2. The Parkers entered into two loan transactions with LBMC on October 14, 2005, the proceeds of which they used to purchase property at 10 Nathan's Place, West Conshohocken, Pennsylvania (the "Property").

3. The Parkers subsequently entered into two additional loan transactions with Mortgageit, Inc. to refinance the mortgage on the Home.

4. WMHLI and LBMC were not involved in the refinancing of the Home.

5. The Parkers obtained all of the loans with the assistance of Jack Weinstein ("Mr. Weinstein"), a mortgage broker employed by Lancealott Financial Group ("Lancealott").

6. The Parkers claim that Mr. Weinstein told them they would receive one loan on the Property, with payments of approximately $1,700 a month for a $400,000 loan.

7. The Parkers received information that disclosed the rates and terms of the *two* loans that LBMC was offering the Parkers at least several days before the October 14, 2005 closing on the Property.

8. The Parkers also received earlier, preliminary disclosures that made clear that LBMC was offering *two* loans for their purchase of the Property.

9. The disclosures stated that the monthly loan payment would be more than $1700, and made clear that the loan was for 100 percent of the value of a home.

10. The Parkers did not review the disclosure statements closely.

11. The Parkers claim that they chose to close the LBMC loans because their realtor told Mrs. Parker that they would lose their deposit with the builder of the Property if they did not close on schedule.

12. At the settlement, however, the builder told the Parkers he would give them more time to find alternative financing without losing their deposit.

13. The Parkers did not contact any other mortgage brokers or talk to the builder before the closing.

14. The Parkers chose to go through with the closing anyway, because Mr. Weinstein told them they could get a new loan for the Property the next week, but that the new loan was contingent on the Parkers going through with the loan transactions that day.

15. The Parkers do not believe that any LBMC or WMHLI representative ever made that statement.

16. The Parkers believe that Mr. Weinstein lied, and allege that it was his lie alone that caused them to go through with the October 14, 2005 closing.

17. After the October 14, 2005 closing, the servicing rights on the larger of the two loans on the Property was immediately transferred to WMHLI, a fact that was disclosed to the Parkers at the closing.

18. The smaller loan was assigned to HSBC.

19. On February 27, 2006, Plaintiffs' counsel wrote a letter to LMBC and WMHLI requesting information about the loans and demanding that the loans be rescinded under TILA.

20. WMHLI responded to this letter on March 14, 2006.

### III. A List of Every Item of Monetary Damages Claimed

WMHLI and LBMC are not seeking monetary damages.

### IV. Trial Witnesses

Defendants' Witness List is attached hereto as Exhibit A. In addition, WMHLI and LBMC reserve the right to supplement this list as necessary in advance of trial and to call witnesses that may be necessary for impeachment or rebuttal.

### V. Trial Exhibits

Defendants' Exhibit List is attached hereto as Exhibit B. Defendants' Exhibit List is a preliminary list of exhibits that WMHLI and LBMC may or may not offer at trial. As such, WMHLI and LBMC reserve the right to withdraw any exhibit listed therein and to supplement this list as necessary in advance of trial. The listing of any exhibit does not in any way suggest the manner in which WMHLI and LBMC may make use of that document at trial. WMHLI and LBMC understand that some of the exhibits listed may be admissible under certain

circumstances and inadmissible under others. Therefore, by listing these exhibits, WMHLI and LBMC do not take the position that each exhibit listed is admissible for all purposes or regardless of the party sponsoring the exhibit.

VI.   **Trial Duration**

WMHLI and LBMC estimate that the trial will take two to three days to complete.

VII.   **Important Legal Issues**

A.   **Were the finance charge disclosures received by Plaintiffs accurate as required by TILA?**

**Answer:** Yes. All fees required to be disclosed by TILA were included in the finance charge indicated on the TILA Disclosure Statements signed by Mr. Parker.

**Authority:** Many of the items listed on the HUD-1 for the larger loan on the Property are specifically excluded from the finance charge by TILA and federal regulations unless unreasonable. Lines 803-04, 905, 1106, 1108, 1111-13, 1304 are specifically exclude by 15 U.S.C. § 1605(e) and 12 C.F.R. 225.4(c)(7); Lines 1201-1204 and 1301-02 are all excluded by 12 C.F.R. 226.4(a)(1); and Line 805 is excluded by case law. *See Davis v. Deutsche Bank Nat. Trust Co.*, 2007 WL 3342398, *5 (E.D. Pa. Nov. 8, 2007). Plaintiffs have not provided any evidence the fees charged here were unreasonable in any way. Even if it is assumed that the remaining charges on the HUD-1 (lines 806-811, 904, 1105, 1205, and 1303) should have been disclosed, those charges total over $300 *less* than the disclosed finance charge. No TILA violation exists where "the estimated finance charge is greater than the amount required to be disclosed." *Strang v. Wells Fargo Bank, N.A.*, 2005 WL 1655886, at *4 (E.D. Pa. Jul 13, 2005).

On the second loan on the Property, the disclosed finance charge was $978. However, *all* settlement charges listed on the HUD-1 for the smaller loan add up to only $891.40. Though many of these charges should be excluded, the sum of all the settlement charges does not exceed the disclosed finance charge.

B.   **Did Plaintiffs receive all necessary TILA Disclosures regarding the variable rate on one of the loans and number of loans?**

**Answer:** Yes. The Parkers do not dispute that the requisite disclosure statements were provided or signed by one or both of them.

**Authority:** Signed Disclosure Statements create a presumption that the signer received the disclosures. *Oscar v. Bank One, N.A.*, 2006 WL 401853, at *3 (E.D. Pa. Feb. 17, 2006); *Strang*, 2005 WL 1655886, at *3-4.

C.  **Do Plaintiffs have a right of rescission of the loans under TILA?**

**Answer:** No. There is no TILA right of rescission where the borrowers used the loans at issue to purchase a new home.

**Authority:** Loans that enable a borrower to purchase a new home are not rescindable under TILA. *Perkins v. Cent. Mortg. Co.*, 422 F. Supp. 2d 487, 491-92 (E.D. Pa. Feb. 1, 2006); 15 U.S.C. §§ 1635(a); 1635(e)(1), 1602(w); *In re Tomasevic*, 275 B.R. 86, 101-02 (Bankr. M.D. Fla. 2001).

D.  **Do Plaintiffs have a right of rescission of the loans under the common law?**

**Answer:** No. The right to rescind a contract in Pennsylvania exists only where the party demanding rescission has shown that the other party committed fraud, mistake, or illegality. The Plaintiffs have alleged that their mortgage broker lied to them. However, the mortgage broker is not an agent of WMHLI or LBMC. If the Parkers cannot show that WMHLI or LBMC participated in any fraud, mistake, or illegality in the formation of the loans between the Plaintiffs and LBMC, there is no basis for granting the Plaintiffs the right to rescind those loans.

**Authority:** "Inadequacy of price, improvidence, surprise, and mere hardship, none of these, nor all combined, furnish an adequate reason for a judicial rescission of a contract. For such action something more is demanded—such as fraud, mistake or illegality." *Snow v. Corsica Const. Co., Inc.*, 329 A.2d 887, 889 (Pa. 1974) (quoting *Welsh v. Ford*, 127 A.2d 431, 432 (Pa. 1925)).

The only fraud or illegality the Plaintiffs have alleged related to the loans was a statement made by Mr. Weinstein, who is an employee of Lancealott, not WMHLI or LBMC, and who served as the Parker's agent in his capacity as their mortgage broker. *See In re Barker*, 251 B.R. 250, 259 (Bankr. E.D. Pa. 2000) (Scholl, J.); *see also McGlawn v. Pa. Human Relations Comm'n*, 891 A.2d 757, 769 (Pa. Commw. Ct. 2006). An agent, with limited exceptions inapplicable here, may not represent two parties to a transaction. *Onorato v. Wissahickon Park, Inc.*, 244 A.2d 22, 25 (Pa. 1968). Therefore, Mr. Weinstein could not have represented WMHLI or LBMC when brokering a mortgage for the Parkers, and WMHLI and LBMC cannot be held liable for any statements he made or the consequences thereof.

E.  **Did LBMC and WMHLI properly respond to Plaintiffs' "RESPA Request"?**

**Answer:** Yes. WMHLI, as the servicer of one of the loans on the date the Plaintiffs' RESPA Request was received, responded in a timely matter to the Request with all information request. As neither WMHLI nor LBMC was servicing the other loan at that time, it could not respond to the Plaintiffs regarding that loan, and instead properly directed the Plaintiffs to the entity currently servicing that loan.

**Authority:** Liability under RESPA exists only where a borrower has sent a

"qualified written request" to a "servicer" of the loan. 12 U.S.C. § 2605(e)(1)(a). The "'Servicer' is 'the person responsible for servicing [*i.e.*, receiving the scheduled periodic payments] of a loan." *In re Madera*, 363 B.R. 718, 731 (Bankr. E.D. Pa. 2007) (quoting 12 U.S.C. § 2605(i)(2)-(3)). Therefore, WMHLI was only required to respond regarding the loan it was still servicing, which it did, and provide the contact information for the new servicer of the other loan, which it also did. LBMC never serviced either loan and therefore could not respond to a RESPA request.

F.  **If LBMC did not properly respond to Plaintiffs' "RESPA Request", are Plaintiffs entitled to damages?**

**Answer:** No. Plaintiffs have not alleged actual damages, or that WMHLI or LBMC has engaged in a "pattern or practice" of noncompliance with RESPA.

**Authority:** Where a plaintiff has not alleged actual damages, "the failure to respond to a single letter does not establish a pattern or practice of noncompliance by [the mortgage company, and a p]laintiff is not entitled to recover damages." *McCutcheon v. Am. Servicing Co.*, 2007 WL 2287675, *2 (E.D. Pa. Jul. 31, 2007) (citing *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374 (D.N.J. 2006)); *see also In re Thompson*, 350 B.R. 842, 851-52 (Bankr. E.D. Wisc. 2006) (*five* failures to respond not pattern or practice). Plaintiffs have not claimed any "actual damages" as a result of LBMC or WMHLI's alleged failure to respond to their RESPA request, and Plaintiffs cannot show that WMHLI or LBMC has a pattern or practice of failing to comply with RESPA requests. Plaintiffs' claim for statutory damages, therefore, fails as a matter of law.

Respectfully submitted,

*/s/ Alison Altman Gross*
Stephen G. Harvey
Alison Altman Gross
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania  19103
(215) 981-4000

Dated: December 10, 2007

Attorneys for Defendant Washington Mutual Bank as successor to Long Beach Mortgage Company and Washington Mutual Home Loans, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2007, a true and correct copy of the foregoing Pretrial Memorandum of Defendants Washington Mutual Home Loans and Long Beach Mortgage Company was electronically filed, and that service was made on the counsel listed below electronically and via first class mail:

David A. Scholl, Esq.
Regional Bankruptcy Center of Southeastern PA
6 St. Albans Avenue
Newtown Square, PA 19073
*Attorney for Plaintiffs*

Martin C. Bryce, Jr., Esq.
Michael White, Esq.
Ballard Spahr Andrews and Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
*Attorneys for Defendant Countrywide Home Loans, Inc.*

Linda Arlene Michler, Esq.
7228 Baptist Road #175
Bethel Park, PA 15102
*Attorney for Defendant HSBC*

Andrew Soven, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
*Attorney for Defendant, Indymac Mortgage Holdings, Inc.*

Frank R. Emmerich, Jr., Esq.
Conrad O'Brien Gellman & Rohn, PC
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1916

Joy Harmon Sperling
Day Pitney LLP
P.O. Box 1945
Morristown, NJ 07962-1945
*Attorneys for Defendant Mortgageit, Inc.*

Thomas J. Gregory, Esq.
Murphy and O'Connor, LLP
Two Penn Center, Suite 1100
15th and J.F.K. Boulevard
Philadelphia, PA 19102
*Attorney for Defendant Lancealott Financial Group*

/s/ Alison Altman Gross
Alison Altman Gross