IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER B. PARKER and <br> SALLY S. PARKER, <br>     Plaintiff, <br><br>     v. <br><br> LONG BEACH MORTGAGE COMPANY, <br> WASHINGTON MUTUAL HOME LOANS, INC., <br> MORTGAGEIT, INC., and <br> INDYMAC MORTGAGE HOLDINGS, INC.,, <br> HSBC BANK USA, <br> COUNTRYWIDE HOME LOANS, INC., and <br> LANCEALOTT FINANCIAL GROUP, INC. <br>     Defendants. | : <br> : <br> : <br> : <br> : Civil Action No.: 2:06-cv-02002-CG <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**PRE-TRIAL MEMORANDUM OF DEFENDANT
<u>COUNTRYWIDE HOME LOANS, INC.</u>**

Countrywide Home Loans, Inc. ("Countrywide"), through its undersigned counsel, respectfully submits this Pre-Trial Memorandum as requested by Court Order dated November 29, 2007.

**I. NATURE OF ACTION**

Plaintiffs' Second Amended Complaint purports to state claims under the federal Truth-in-Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") against a number of defendants including Countrywide. Countrywide only became a party to this action on November 17, 2006 through the filing of Plaintiffs' Amended Complaint.

**II. FACTS AND ISSUES**

Plaintiffs entered into two loan transactions with Long Beach Mortgage Company on October 14, 2005 the proceeds of which were used by Plaintiffs to purchase property at 10 Nathan's Place, West Conshohocken, Pennsylvania. Plaintiffs subsequently entered into an additional two loan transactions with Mortgageit, Inc. to refinance the mortgage on their home

located at 706 Willowbend Drive, Unit 819, Blue Bell, Pennsylvania.  Second Amended Complaint at ¶ 5.

Countrywide played no part in the origination of any of the loans made to Plaintiffs by Long Beach or Mortgageit and is not alleged to have done so.  Indeed, the most Plaintiffs can say about Countrywide is that it "is either an assignee or a servicing agent involved in the first loan."  Second Amended Complaint at ¶ 4.

In fact, it cannot be disputed that Countrywide is only the loan servicer with respect to Mortgageit loan number 40442553 in the principal amount of $645,000.  Mortgageit sold its servicing rights with respect to the loan to GMAC Mortgage Corporation ("GMAC") who in turn transferred the <u>servicing</u> rights to Countrywide on or about May 4, 2006.  Prior to that point, Countrywide would have had no involvement with either Plaintiffs or their loans.  Indeed, Plaintiffs admit that they had <u>no</u> involvement or communications with Countrywide prior to or during the settlements with respect to their loans.  <u>See</u> Deposition Transcript of Plaintiff Sally Parker at pages 378-386.

Although Countrywide is the loan servicer with respect to the Mortgageit loan, it never received any correspondence from Plaintiffs or their counsel.  Specifically, Countrywide has procedures in place to track and respond to any correspondence that appears to be a qualified written request.  Countrywide services hundreds of thousands of loans and takes seriously its responsibilities to respond to all borrower correspondence and qualified written requests in particular.  If Countrywide had received a qualified written request from Plaintiffs, it would have a record of such receipt, would have acknowledged receipt as required and would have responded to the request.

**III.    DAMAGES**

With respect to their TILA claims in Count I and II, Plaintiffs seek statutory damages and seek to rescind the loans on the ground that they received inaccurate disclosures and did not receive the requisite copies of the notice of right to cancel.  With respect to their RESPA claim, Plaintiffs contend that they submitted a qualified written request for information under 12 U.S.C. § 2605 and received no response to the same, thus entitling them to statutory and actual damages.

**IV.    WITNESSES**

    A.    Steven Gatter
         Countrywide Home Loans, Inc.
         Trevose, Pennsylvania

**V.    EXHIBITS**

    A.    Plaintiffs' Second Amended Complaint, together with exhibits

    B.    Plaintiffs' Responses to Countrywide Home Loans, Inc.'s First Set of Interrogatories and Requests for Production

    C.    Countrywide Home Loan file for the loan at issue

    D.    Deposition Transcript of Roger Parker

    E.    Deposition Transcript of Sally Parker

**VI.    TRIAL DAYS**

Countrywide anticipates that the currently allotted two days will be sufficient time in which to conduct this trial.

**VII.    LEGAL ISSUES**

    A.    <u>Plaintiffs' TILA Claim</u>

It is undisputed that Countrywide did not originate any of the loans in question. Consequently, Countrywide never dealt with the borrowers at or during the origination or

settlement of their loans.  It is also undisputed that Countrywide never owned any of Plaintiffs' loans and is only the loan servicer with respect to Plaintiffs' $645,000 loan originated by Mortgageit.

It is well settled that TILA expressly disclaims any liability for loan servicers. See 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."); Bills v. BNC Mort., Inc., No. 06-3283, 2007 WL 1438371, at *2 (N.D. Ill. May 11, 2007) ("TILA expressly disclaims any liability for servicers"); Pierce v. Ocwen Loan Serv., No. 06-147, 2006 WL 1994571, at *4 (M.D.N.C. July 14, 2006) ("as a loan servicer, and not a lender, Defendant is excepted from liability under TILA"); Stump v. WMC Mort. Corp., No. 02-326, 2005 WL 645238, at *4 (E.D. Pa. March 16, 2005) ("As TILA imposes liability only on purchasers and assignees of mortgages, loan servicers cannot be liable under TILA.").  Therefore, as a matter of law, Countrywide cannot be held liable under TILA.

    B.    Plaintiffs' RESPA Claim

Plaintiffs do not allege that they submitted a qualified written request to Countrywide.  Nor do they attach a copy of the same to their Second Amended Complaint.  Furthermore, Countrywide has no record of ever receiving the same from Plaintiffs.

RESPA explicitly requires that a qualified written request be sent to and received by a loan servicer in order for the requirements of the statute to apply.  12 U.S.C. § 2605(e)(1)(A).  Where there has been no qualified written request, section 2605(e) of RESPA is inapplicable.  See, e.g., MorEquity, Inc. v. Naeem, 118 F. Supp.2d 885, 901 (N.D. Ill. 2000); Walker v. Michael W. Colton Trust, 47 F. Supp.2d 858, 864 (E.D. Mich. 1999).  Indeed, when

dismissing Plaintiffs' RESPA claim against another party to this action, this Court stated in words equally applicable to Countrywide:

> An exhibit attached to a complaint, addressed to a different party, can hardly be said to be a "qualified written request" under RESPA that requires response…

Parker v. Long Beach Mort. Co., No. 06-2002, 2006 WL 2868983, at *3 (E.D. Pa. Oct. 3, 2006). Accordingly, Plaintiffs' RESPA should fail as a matter of law as to Countrywide.

Even if Plaintiffs establish that there was a qualified written request submitted to Countrywide, Plaintiffs cannot prove any damages arising from non-compliance. Plaintiffs have neither alleged, nor adduced any evidence to prove, that they suffered any actual damages as a result of Countrywide's alleged failure to comply with a "qualified written request" for information about their loan. Plaintiffs' claim for actual damages under Section 2605(f)(1)(A) therefore fails as a matter of law. Plaintiffs' claims for statutory damages also fails because Plaintiffs cannot show that Countrywide had a pattern or practice of failing to comply with "qualified written requests" under RESPA. See Section 2605(f)(1)(B).

Respectfully submitted,

/s/ Martin C. Bryce,
Martin C. Bryce, Jr.
Michael I White
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
215-864-8238

Attorneys for Defendant Countrywide Home Loans, Inc.

Dated:  December 10, 2007

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that, on this date, he caused to be served copies of Defendant Countrywide Home Loans, Inc.'s Opposition to Plaintiffs' Motion to Amend by e-mail via the ECF system upon the following:

David A. Scholl
Regional Bankruptcy Center
6 St. Albans Avenue
Newtown Square, PA 19073

Alison Altman Gross
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103

Frank R. Emmerich, Jr.
Conrad O'Brien Gellman & Rohn, PC
1515 Market Street
16th Floor
Philadelphia, PA 19102-1916

Linda Arlene Michler
7228 Baptist Road #175
Bethel Park, PA 15102

Andrew J. Soven
Elizabeth F. Abrams
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas J. Gregory
Murphy & O'Connor, LLP
Two Penn Center, Suite 1100
15th & JFK Blvd..
Philadelphia, PA 19102


Date:  December 10, 2007               /s/ Michael I. White
                                          Michael I. White